# UNITED STATES DISTRICT COURT
## Western District of Texas
## San Antonio Division

| | | |
|---|---|---|
| **David Soares**, individually and on behalf of all those similarly situated | § § § § § | |
| Plaintiff, | § § | |
| | § | CA No: 5:19-cv-1460 |
| v. | § § | |
| **Winters Construction, Inc.** | § § | Collective Action |
| Defendant | § § | |

**Plaintiff's Collective Action Complaint**

David Sores ("**Plaintiff**") brings this action individually and on behalf of all others similarly against Winters Construction, Inc. ("**Defendant**") and in support shows the Court the following:

1. **Nature of Suit.**

    1.1. This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* ("**FLSA**").

    1.2. Defendant employed Plaintiff and other Class Members as equipment operators whose primary job duties involved manual labor tasks in the form of operating construction equipment.

2. **Parties.**

   2.1. Plaintiff worked for Defendant in this district in Texas in the three years preceding the filing of this case. Plaintiff is filing his consent to participate in this case with the Court.

   2.2. Plaintiff brings this action individually and on behalf of those operators similarly situated pursuant to the FLSA ("**Equipment Operators**"). The Class Members consist of Defendant's current and former Equipment Operators who were not paid overtime and who worked more than 40 hours in one or more workweek over the previous three years.

   2.3. Defendant is a Texas corporation, licensed to do business in the State of Texas. Defendant's registered agent for service of process in Texas is Charles O. Winters, 20440 Cielo Vista #3, San Antonio, TX 78255.

3. **Jurisdiction and Venue.**

   3.1. Venue of this action is proper in this district and division because Defendant maintains an office in this District. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

   3.2. Defendant carries on substantial business in the Western District of Texas and has sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA.

4. **Coverage.**

    4.1. At all material times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

    4.2. At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

    4.3. At all times hereinafter mentioned, Defendant has been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

    4.4. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person and Defendant has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated). Plaintiff and the Class Members specifically handled and used materials that traveled in interstate commerce, including construction equipment.

4.5. Defendant is a construction company. Two or more of Defendant's employees, engage in commerce by using equipment that has traveled in interstate commerce. By way of example and not by limitation, Defendant's employees used/use:

 4.5.1. Construction equipment that has been manufactured and shipped across state lines;

 4.5.2. computers and telecommunications equipment that has been manufactured and shipped across state lines;

 4.5.3. office equipment, such as copiers, that has been manufactured and shipped across state lines;

 4.5.4. the interstate telephone systems, landline and cellular, to recruit and employ individuals for operational positions;

 4.5.5. the United States postal system to send mail across state lines; and

 4.5.6. the interstate banking systems to pay Defendant's employees.

4.6. At all times hereinafter mentioned, Plaintiff and the Class Members were individual employees engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 203(e)(1).

**5. Factual Allegations.**

5.1. Defendant is a construction company building roads.

5.2. Plaintiff worked for Defendant as an Equipment Operator.

5.3. Plaintiff was paid a salary but not paid overtime for all hours over 40 in a work week.

5.4. Plaintiff routinely worked more than 40 hours in a week.

5.5. Plaintiff and the Class Members were not "exempt" employees.

5.6. During the Relevant Period, Plaintiff's job responsibilities consisted of manual labor tasks in the form of operating construction equipment.

5.7. Plaintiff was also responsible for various other non-discretionary tasks. These other non-discretionary tasks Plaintiff performed were routine and did not require the exercise of independent judgment or discretion.

5.8. This lawsuit covers the period of time Plaintiff and the Putative Class Members were not paid time and one-half his regular rate of pay for hours worked in excess of 40 hours in a work week (the "**Relevant Period**").

5.9. Plaintiff and the Putative Class Members routinely worked more than 40 hours in a work week during the Relevant Period.

5.10. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Putative Class Members.

6. **Collective Action Allegations**

6.1. It is the policy of Defendant not to pay overtime wages to Plaintiff and the Equipment Operators for all hours over 40 in a week.

6.2. Thus, other employees have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

6.3. The Class Members' job duties were routine and did not require the exercise of independent judgment or discretion. Moreover, these employees regularly worked more than 40 hours in a workweek and were not paid one-half their regular rate of pay for hours worked in excess of 40 hours in a work week.

6.4. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

6.5. Defendant's failure to pay overtime compensation at the rates required by the FLSA is based on Defendant's generally applicable policy of not paying overtime to the Equipment Operators and does not depend on the personal circumstances of the Class Members. Thus, Plaintiff's experiences are typical of the experience of the Class Members.

6.6. The specific job titles, precise job requirements or job locations of the various Class Members do not prevent collective treatment. All Class Members, regardless of their work location, precise job requirements or rates of pay, are entitled to be paid the minimum wage and/or overtime compensation for hours worked in excess of 40 hours per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of

liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

6.7. The class of similarly situated Plaintiffs is properly defined by as follows:

> **All Equipment Operators who worked for Defendant within the last three years who worked in excess of 40 hours in one or more workweeks and were not compensated at one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in one or more workweeks.**

6.8. As a collective action, Plaintiffs seek this Court's appointment and\or designation as representative of a group of similarly situated individuals as defined herein.

8. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

8.1. Each and every allegation contained in the foregoing paragraphs 1-7, inclusive, is re-alleged as if fully rewritten herein.

8.2. During the relevant time period, Defendant violated and continues to violate the provisions of section 7 of the FLSA, 29 U.S.C § 207, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

9. **Relief Sought.**

9.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he and all those who consent to be opt-in plaintiffs in this collective action recover from Defendant, the following:

9.1.1. An Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and appointing Plaintiff and his counsel to represent the Class Members;

9.1.2. An Order requiring Defendant to provide the names, addresses, email addresses and telephone numbers of all potential Class Members;

9.1.3. An Order approving the form and content of a notice to be sent to all potential Class Members advising them of the pendency of this litigation and of their rights with respect thereto;

9.1.4. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times their regular rates;

9.1.5. All unpaid wages and overtime compensation;

9.1.6. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendant's failure to pay overtime compensation pursuant to the FLSA;

9.1.7. Reasonable attorneys' fees, expert fees, costs, and expenses of this action as provided by the FLSA;

9.1.8. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

9.1.9. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By:    */s/ Chris R. Miltenberger*
       Chris R. Miltenberger
       Texas Bar Number: 14171200

**The Law Office of Chris R. Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**